# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

BRITTANEY DENSON,

     **Plaintiff,**

v.                                                                    CASE NO.

AMAZON.COM SERVICES, LLC.,[1]

     **Defendant.**

_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant gives notice of removal of the above-captioned action from the Leon County Circuit Court to the United States District Court for the Northern District of Florida, Tallahassee Division.  In support of this Notice of Removal, Defendant states:[2]

---

[1] Defendant's legal name does not include a comma following "Services" or a period following "LLC".

[2] If the Court requests additional information or removal is challenged, Defendant will provide evidence supporting jurisdiction and requests the opportunity to brief any disputed issues and to present oral argument, if necessary.  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (a removing defendant can make "specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations.")**.**

## I.   PROCEDURAL BACKGROUND

1.      On January 8, 2026, a Complaint was filed in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, by Plaintiff Brittaney Denson ("Plaintiff") against Defendant Amazon.com Services LLC ("Amazon"). The action, styled *Brittaney Denson v. Amazon.com Services, LLC.*, was assigned Case No. 2026-CA-000054 (hereinafter referred to as the "State Court Action").  A true and correct copy of the Complaint is attached as **Exhibit "A."**

2.      On February 18, 2026, Amazon, through its registered agent was served with a copy of the Summons and the Complaint.  *See* Composite Exhibit "B," *infra*. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## II.   PREREQUISITES TO REMOVAL

3.      Written notice of filing of this Notice of Removal will be given to all parties concurrently with this filing, and a copy of the Notice of Removal will be filed promptly with the Clerk of the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida.

4.      Amazon has not filed a responsive pleading to the Complaint. A true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind on file in the State Court Action is attached as **Composite Exhibit "B".**

## III.   VENUE

5.     Venue is proper in this Court because this action is being removed from the Second Judicial Circuit Court in and for Leon County, Florida, which lies within the Northern District of Florida, Tallahassee Division.  *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## IV.   **DIVERSITY JURISDICTION**

6.     Federal district courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

7.     Amazon may remove this case to this Court in accordance with 28 U.S.C. §§ 1332 and 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because Amazon and Plaintiff are citizens of different states.  *See* 28 U.S.C. § 1332.

### a. **Citizenship**

8.     Plaintiff was employed by Amazon in Florida and resides in the Second Judicial Circuit.  *See* **Exhibit A ¶ 3**.  *See Bal Harbour Shops, LLC v. Saks Fifth Ave. LLC*, 645 F. Supp. 3d 1321, 1327 (S.D. Fla. 2022) (courts consider employment records when determining an individual's domicile for purposes of citizenship). Plaintiff's employment records on file with Amazon show that she lived in Tallahassee, Florida. *Id*.; *see also Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145,

3

1148 (11th Cir. 2021) (recognizing tax records can be used to support citizenship). Plaintiff is therefore a citizen of Florida.

9. A limited liability company is a citizen of any state of which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Under 28 U.S.C. §1332(c)(1), a corporation is "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

10. The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is incorporated in Delaware and headquartered in Washington. Amazon.com Services LLC is therefore a citizen of Delaware and Washington.

11. Defendant Amazon.com Services LLC is now, and was at the time this action began, a citizen of a state other than the State of Florida under 28 U.S.C. § 1332(a). Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

### b. **Amount In Controversy**

12. Defendant denies that Plaintiff is entitled to any damages. Without making any admission as to liability or damages with respect to any aspect of this case or to the proper legal test applicable to Plaintiff's allegations, the amount in controversy exceeds the $75,000 jurisdictional minimum of this Court. "The key

4

inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *Scott v. Cricket Communications, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (quotation omitted); *see also S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (this estimate "is not discounted by the chance that the plaintiff[] will lose on the merits").

13.    Removal based on diversity of citizenship is proper if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).    A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

14.    Plaintiff asserts three claims: discrimination, hostile work environment, and retaliation under the Florida Civil Rights Act.  Plaintiff seeks damages for each claim in excess of $50,000.00. *See* **Exhibit A ¶ 2**.   Thus, at a minimum Plaintiff has placed $150,000.00 in controversy exceeding the jurisdictional threshold for diversity jurisdiction.  Similarly, Plaintiff estimated in her Civil Cover Sheet that the amount of claim exceeded $100,000. *See* **Composite Exhibit B**, **Civil Cover Sheet**.

15.    Plaintiff further alleges that she suffered "significant emotional and financial harm, including suicidal ideation, loss of housing, accumulation of debt, and being forced into a domestic violence situation due to unstable living

conditions." *See* **Exhibit A ¶ 19**. And in each Count, her alleged damages include: "emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits" which, she claims, "occurred in the past, are permanent and continuing." *See* **Exhibit A ¶¶ 29, 37, 44**.

16.    The Florida Civil Rights Act authorizes damages for back pay, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, punitive damages, and attorney's fees. § 760.11(5), *Fla. Stat.*

17.    Generally, the amount in controversy requirement focuses on the amount in controversy at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). Here, the amount in controversy is met by Plaintiff's allegations alone seeking in excess of $150,000.00 in damages. **Exhibit A ¶ 2**.

18.    Additionally, the amount in controversy is met through Plaintiff's demand for back pay. When considering back pay for purposes of removal, courts have calculated "from the date of the adverse employment action to the date of judgment." *Cashman v. Host Intern., Inc.*, 2010 WL 4659399, at *1 (M.D. Fla. Nov. 9, 2010); *see also Wineberger v. RaceTrac Petroleum, Inc.*, 672 Fed. Appx. 914,

916-17 (11th Cir. 2016) (*per curiam*) (affirming a district court's estimate of damages for jurisdictional purposes, which included an estimation of back pay through the date of the anticipated trial); *see Wineberger v. Racetrac Petroleum, Inc.*, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) ("this Court has previously held that back-pay damages may be calculated through the proposed date of trial").

19.     Plaintiff alleges that she was separated from Amazon on November 13, 2024.  **Exhibit A ¶ 16**.  At the time of her separation, Plaintiff's hourly rate was $18.90 at 36 standard hours. Thus, Plaintiff's approximate weekly earnings were $680.40.

20.     If this matter were set for trial between one and a half and two years from the date of removal, Plaintiff's alleged back pay would be $100,699.20 ($680.40 x 148 weeks) as of September 20, 2027 and $118,389.60 ($680.40 x 174 weeks) as of March 20, 2028.

21.     Plaintiff has not alleged that she has made any attempts to mitigate her lost wages.  Even though Amazon denies liability for Plaintiff's claim, her claim for lost wages alone through the projected trial dates exceeds the jurisdictional threshold for diversity jurisdiction.

22.     In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. §1332(a), a court must consider the total amount that will be put at issue, including those claims for non-economic and compensatory and punitive damages.

*Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered") (internal citations omitted); *Wineberger*, 672 Fed. Appx. at 917 (11th Cir. 2016) (affirming district court's finding of amount in controversy taking into account non-economic and punitive damages). Assuming a modest award of compensatory damages, the amount in controversy exceeds $75,000.

23.    Section 760.11(5), *Florida Statutes* limits punitive damages to $100,000. Thus, Plaintiff has placed more than $75,000 in punitive damages at issue. *Ferdinand v. Hilton Mgmt., LLC*, 2019 WL 13262731, at *2 (M.D. Fla. Apr. 9, 2019) (*citing McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 731-32 (11th Cir. 2014) (affirming a denial of remand based on the alleged punitive damages); *Brown v. Cunningham Lindsey U.S., Inc.*, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (denying motion to remand where plaintiff alleged punitive damages in statutory amount and could have been awarded the same by a jury)).

24.    While Defendant denies Plaintiff's entitlement to attorney's fees, such fees may be considered as part of the amount in controversy. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Wineberger*, 672 Fed. Appx. at 917 (affirming district

8

court decision including $10,000 estimate in attorney's fees as part of amount in controversy for FCRA age discrimination claim).

25.    Depending on attorney experience, courts have recognized rates of $200.00 to $375.00 per hour as reasonable in employment discrimination cases. *Cusson v. Illuminations I, Inc.*, 2013 WL 103225, at *3 (N.D. Fla. Jan. 7, 2013) (finding $295.00 per hour a reasonable rate for ADA case and awarding plaintiff $17,565.00 in fees and costs); *Merard v. Magic Burgers, LLC,* 2022 U.S. Dist. LEXIS 118523, at *11 (M.D. Fla. July 5, 2022) (reducing rates to $375.00 and $350.00 and recommending award of $133,412.50 in ADA case) (collecting cases). Marie Mattox is an experienced employment law and civil rights attorney with more than 20 years of experience. Accordingly, Plaintiff's claim for attorney's fees further establishes the jurisdictional amount. *Ferdinand*, 2019 WL 13262731, at *3 (including $50,000 in attorney's fees in amount in controversy in FCRA failure to accommodate claim).

26.    Amazon denies that Plaintiff is entitled to any damages, yet based on Plaintiff's allegations that each of her claims exceed $50,000,  Plaintiff's wages, and the relief she seeks, the amount in controversy "more likely than not" exceeds $75,000.  The jurisdictional threshold is therefore met. *See Wineberger v. RaceTrac Petroleum, Inc.*, 672 Fed. Appx. 914, 918 (11th Cir. 2016) (*citing Roe v. Michelin*

9

*N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)).

27.    Accordingly, because the parties are diverse and the amount in controversy, which Amazon contends it is not liable for, exceeds $75,000, exclusive of interest and costs, this action is properly removed on diversity grounds under 28 U.S.C. § 1441(a), (b).

## V.    **<u>RESERVATION OF RIGHTS</u>**

28.    This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to defenses and objections to venue, improper service, and personal jurisdiction.  No admissions are intended as to liability or damages with respect to any aspect of this case, and all defenses and motions are expressly reserved.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant removes the above-styled action pending against it in the Circuit Court for the Second Judicial Circuit in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division.

Respectfully submitted,

/s/Andrea E. Nieto
Andrea E. Nieto
Florida Bar No. 98039

10

Email: andrea.nieto@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Ste. 1900
Tampa, Florida 33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
*Counsel for Defendant, Amazon.com
Services LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 20th day of March 2026, I emailed a copy

of this Notice of Removal to:

Marie Mattox, Esq.
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, Florida  32301
Marie@mattoxlaw.com
Marlene@mattaxlaw.com
Michelle@mattoxlaw.com
discovery@mattoxlaw.com

/s/ Andrea E. Nieto
Attorney